Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000705
17-MAY-2013
09:56 AM

NO. CAAP-11-0000705

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
BARABBAS DIETRICH, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 10-1-2075)

MEMORANDUM OPINION
(By:  Nakamura, C.J., Foley and Leonard, JJ.)

Defendant-Appellant Barabbas Dietrich (Dietrich) appeals from the September 6, 2011 Judgment of Conviction and Sentence entered in the Circuit Court of the First Circuit[1] (circuit court) convicting Dietrich on one count of Robbery in the Second Degree in violation of Hawaii Revised Statutes (HRS) § 708-841(1)(b) (Supp. 2009).

Dietrich raises the following points of error: (1) the prosecution withheld exculpatory evidence violating his due process rights, and the circuit court erred by (2) failing to suspend the proceedings pursuant to HRS § 704-404(1) (Supp. 2010); (3) denying his motion for judgment of acquittal; (4) permitting the prosecution to comment during closing argument on

---

[1]    The Honorable Karen S.S. Ahn presided.

Dietrich's failure to call witnesses; (5) failing to instruct the jury as to involuntary or nonself-induced intoxication and giving improper jury instructions.

## I.   BACKGROUND

On December 21, 2010, Plaintiff-Appellee State of Hawai'i (State) charged Dietrich with one count of robbery in the second degree and one count of driving without a license, in violation of HRS § 286-102 (2007 Repl.).  On June 28, 2011, Dietrich pled guilty to the offense of driving without a license.

At trial, the complaining witness (CW) testified for the State that at approximately 11:00 p.m. on December 12, 2010, Dietrich approached him in a parking lot and asked for a cigarette.  Dietrich then asked CW for $20, and when CW refused, Dietrich closed his fists, stuck out his chest, and said "oh, you like me lick you right now?"  CW eventually handed approximately $70 in cash to Dietrich.  Dietrich then left the parking lot, and CW called the police, providing a description of Dietrich and Dietrich's vehicle.

The State's second witness, a Honolulu Police Department officer, testified that he stopped Dietrich's vehicle on the freeway approximately an hour and a half later.  The officer noted Dietrich and his vehicle matched a description that had been relayed over dispatch concerning CW's case.  Another officer arrived with CW.  CW identified Dietrich, and the officers arrested Dietrich.

Dietrich testified in his defense and stated CW willingly gave Dietrich the cash.  He denied approaching CW with closed fists, demanding money, or making threatening statements. Dietrich also testified that after his encounter with CW, he received additional cash from a sale he made later in the night.

Following deliberations, the jury found Dietrich guilty as charged of the offense of robbery in the second degree.  The

2

circuit court entered its Judgment of Conviction and Sentence on September 6, 2011, and Dietrich filed a timely notice of appeal on September 27, 2011.

## II. STANDARDS OF REVIEW

A.      Suppression of Evidence

"The suppression by the prosecution of evidence favorable to the accused violates due process where the evidence is material to guilt or punishment, regardless of the good faith or bad faith of the prosecution. However, in order to establish a Brady violation, an appellant must make a showing that the suppressed evidence would create a reasonable doubt about the appellant's guilt that would not otherwise exist." State v. Fukusaku, 85 Hawai'i 462, 479, 946 P.2d 32, 49 (1997) (internal quotation marks, citations, and brackets omitted).

B.      Examination Under HRS § 704-404 (1993 & Supp. 2010)

"[A] trial court's ruling with regard to a defendant's fitness to proceed is appropriately reviewed on appeal for an abuse of discretion." State v. Castro, 93 Hawai'i 424, 426 n.1, 5 P.3d 414, 416 n.1 (2000).

C.      Sufficiency of the Evidence

> The standard of review for sufficiency of the evidence is well established; namely, whether, upon the evidence viewed in the light most favorable to the prosecution and in full recognition of the province of the trier of fact, the evidence is sufficient to support a prima facie case so that a reasonable mind might fairly conclude guilt beyond a reasonable doubt. Sufficient evidence to support a prima facie case requires substantial evidence as to every material element of the offense charged. Substantial evidence as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. Under such a review, we give full play to the right of the fact finder to determine credibility, weigh the evidence, and draw justifiable inferences of fact.

State v. Grace, 107 Hawai'i 133, 139, 111 P.3d 28, 34 (App. 2005) (block quote format changed) (quoting State v. Ferrer, 95 Hawai'i 409, 422, 23 P.3d 744, 757 (App. 2001)).

D.        Prosecutorial Misconduct

>    Allegations of prosecutorial misconduct are reviewed
> under the harmless beyond a reasonable doubt standard, which
> requires an examination of the record and a determination of
> whether there is a reasonable possibility that the error
> complained of might have contributed to the conviction.
> Misconduct of a prosecutor may provide grounds for a new
> trial if the prosecutor's actions denied the defendant a
> fair trial.

State v. Mainaaupo, 117 Hawai'i 235, 247-48, 178 P.3d 1, 13-14

(2008) (internal quotation marks and citations omitted).

E.        Jury Instructions

>    The standard of review for a trial court's issuance or
> refusal of a jury instruction is whether, when read and
> considered as a whole, the instructions given are
> prejudicially insufficient, erroneous, inconsistent, or
> misleading. Erroneous instructions are presumptively harmful
> and are a ground for reversal unless it affirmatively
> appears from the record as a whole that the error was not
> prejudicial.  In other words, error is not to be viewed in
> isolation and considered purely in the abstract.

State v. Kassebeer, 118 Hawai'i 493, 504, 193 P.3d 409, 420

(2008) (internal quotation marks, citations, and brackets

omitted) (quoting State v. Mainaaupo, 117 Hawai'i 235, 247, 178

P.3d 1, 13 (2008)).

## III.  DISCUSSION

A.        Suppression of Exculpatory Evidence

Dietrich contends the State withheld exculpatory

evidence, violating his due process right to a fair trial.  "The

suppression by the prosecution of evidence favorable to the

accused violates due process where the evidence is material to

guilt or punishment, regardless of the good faith or bad faith of

the prosecution.  However, in order to establish a Brady

violation, an appellant must make a showing that the suppressed

evidence would create a reasonable doubt about the appellant's

guilt that would not otherwise exist."  State v. Fukusaku, 85

Hawai'i 462, 479, 946 P.2d 32, 49 (1997) (internal quotation

marks, citations, and brackets omitted).

4

The exculpatory evidence Dietrich refers to is a 2005 presentence report (PSI), which listed Dietrich's mental health diagnoses and medication prescriptions. The 2011 PSI produced for the instant case cited an excerpt from the 2005 PSI, stating Dietrich was diagnosed with Attention Deficit with Hyperactivity Disorder (ADHD), conduct disorder, depression, and mood disorder; had a history of mental health services; and had been prescribed Ritalin, antidepressant medications, and Depakote. Dietrich contends the 2005 PSI could have been used to raise a defense of nonself-induced intoxication.

We disagree. Dietrich fails to demonstrate that he or his counsel did not have access to his 2005 PSI at the time of his trial, or that the information in the 2005 PSI was material to his defense. Dietrich was aware of his mental history; in fact, during a pretrial plea colloquy (discussed further below), Dietrich discussed his mental history with the court.

B.        Examination Under HRS § 704-404

Dietrich claims the circuit court erred because it did not <u>sua sponte</u> suspend the proceedings for a mental and physical examination under to HRS § 704-404.[2] The question of whether to stay the proceedings and order an examination rests in the sound discretion of the court. <u>State v. Castro</u>, 93 Hawai'i 424, 426, 5 P.3d 414, 416 (2000). Dietrich did not file a notice of

---

[2]    HRS § 704-404 states:

§704-404 **Examination of defendant with respect to physical or mental disease, disorder, or defect.** (1) Whenever the defendant has filed a notice of intention to rely on the defense of physical or mental disease, disorder, or defect excluding responsibility, or there is reason to doubt the defendant's fitness to proceed, or reason to believe that the physical or mental disease, disorder, or defect of the defendant will or has become an issue in the case, the court may immediately suspend all further proceedings in the prosecution. If a trial jury has been empanelled, it shall be discharged or retained at the discretion of the court. The discharge of the trial jury shall not be a bar to further prosecution.

5

intention to rely on a defense of mental disease or defect, nor did he move for a mental examination.

Dietrich asserts the circuit court had reason to doubt his fitness based on the following responses Dietrich gave the court during a pretrial plea colloquy:

Q.  Is your mind clear?

A.  Yes, ma'am.

Q.  Any medication, drugs or liquor in the last two days?

A.  No, ma'am.

Q.  Ever been diagnosed or treated for mental illness or emotional disability?

A.  ADHD, but I don't use it as an excuse.

Q.  This is when?  When you were younger?

A.  Yeah.

Q.  You take medication?

A.  They give me medication, but I don't take it.

Q.  Is the medication interfering in any way with your ability to understand?

A.  No.

Nothing in the record, nor in the allegedly suppressed 2005 PSI, demonstrated a rational for ordering a mental examination under HRS § 704-404.  Therefore, the circuit court did not abuse its discretion in not ordering an examination sua sponte.

C.      Sufficiency of Evidence

Dietrich's primary argument is that because CW stated he had difficulties with the English language, CW's testimony was insufficient to support the jury's verdict.  However, CW stated he learned English in school and has used English since 2003.  The record demonstrates CW had sufficient command of English to understand the questions posed and to accurately testify at trial.

At trial, CW testified Dietrich closed his fists, stuck out his chest, and said: "You like me lick you right now?" when CW refused to hand over money.  CW also testified that after he handed over $20, Dietrich asked CW for more money, told CW to take out his wallet, and repeated: "Like me lick you?"  Viewing the evidence in the light most favorable to the State, State v. Kaulia, 128 Hawaiʻi 479, 496, 291 P.3d 377, 394 (2013), substantial evidence exists to support the jury's verdict, and the circuit court did not err in denying Dietrich's motion for judgment of acquittal.

D.       Prosecutorial Misconduct

Dietrich contends the prosecution engaged in prosecutorial misconduct by commenting during closing argument on Dietrich's failure to call corroborating witnesses.  Because Dietrich did not object during closing argument, we review for plain error.  State v. Iuli, 101 Hawaiʻi 196, 208, 65 P.3d 143, 155 (2003).

"The prosecution is permitted to draw reasonable inferences from the evidence, and wide latitude is allowed in discussing the evidence."  Id. at 208, 65 P.3d at 155. Consequently, the prosecution may invoke the adverse inference against the defendant's failure to call a witness "when it would be natural under the circumstances for the defendant to call the witness, and when the comments do not suggest to the jury that it was the defendant's burden to produce proof by explaining the absence of witnesses or evidence[.]"  State v. Mainaaupo, 117 Hawaiʻi 235, 257, 178 P.3d 1, 23 (2008) (internal quotation marks, citations, and brackets omitted).

During closing argument, the prosecutor stated:

> Defendant took the stand in this case. He is to be treated like any other witness.  So you look at the manner in which he testified, the way in which he testified.  You look at whether or not his story makes sense.  You look at whether or not it's corroborated by any other evidence, which parts

7

of it are, the parts that [CW] told you happened. Parts of it aren't.

He talks to you about this friend [Castillo]. <u>Now, they don't have a burden</u>, but if that's where he got all the money from, where is [Castillo]? He talks about his friend Bronson who is in the car with him when he's pulled over by the police who should actually have all of this information, but we're not going to hear from Bronson.

<u>They don't have a burden</u>, ladies and gentlemen, but there's absolutely no corroboration for anything [Dietrich] has told you other than what coincides with what [CW] has already told you.

(Emphases added.)

Dietrich does not dispute that it would have been natural for him to call Castillo or Bronson as witnesses. At trial, Dietrich testified he had received the money in his wallet from Castillo, and Bronson had been with him when he received the money. The prosecutor expressly stated the defendant did not bear the burden, and the prosecutor's comments did not otherwise shift the burden to Dietrich. The prosecutor's comments were not improper.

E.        Jury Instructions

Dietrich contends the circuit court erred when it did not instruct the jury on nonself-induced intoxication. Dietrich did not request this instruction at trial, and there is no evidence indicating Dietrich was intoxicated at the time of the offense. <u>See</u> HRS § 702-230(4) (1993 Repl.) (stating nonself-induced intoxication "is a defense if by reason of such intoxication the defendant at the time of the defendant's conduct lacks substantial capacity[.]"); <u>State v. Sawyer</u>, 88 Hawai'i 325, 333, 966 P.2d 637, 645 (1998) (no error in failing to instruct where evidentiary support for an asserted defense or for any of its essential components is clearly lacking). The circuit court did not commit plain error by not instructing the jury on nonself-induced intoxication.

Dietrich contends the circuit court's jury instruction was ambiguous. Specifically, Dietrich challenges the following language:

> Now, a verdict must represent the considered judgment of each juror, and in order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.
>
> * * * *
>
> You may bring in either one of the following verdicts:
> Number one, not guilty; or
> Number two, guilty as charged.
> Your verdict must be unanimous.
>
> After your verdict has been reached and your foreperson has signed and dated the verdict form, you will notify the bailiff, and court will be reconvened to receive the verdict.

Dietrich argues the above language misled the jury because the jury sent a communication to the circuit court stating: "If the vote is 11 guilty and 1 not guilty, does that mean he's not guilty, or is it a hung jury?" Despite the jury communication, we conclude the instructions, considered as a whole, were not misleading as to the need for a unanimous verdict or to the prosecution's burden and were not erroneous.

Dietrich further argues the circuit court erred when it responded to the above jury communication, which the jury sent about an hour after deliberations. After conferring with the parties, the court responded to the jury: "Please refer to all of the Court's instructions to you."

Dietrich asserts the jury communication indicates the trial resulted in a hung jury. The circuit court is obligated to exercise its broad discretion to obtain a verdict from the jury, but in so doing, the court must not direct the jury to matters outside the evidence presented, which may cause undue pressure on the jury to reach a verdict based on compromise and expediency. State v. Villeza, 72 Haw. 327, 333-34, 817 P.2d 1054, 1058 (1991).

9

The circuit court did not abuse its discretion when it re-instructed the jury rather than declaring a mistrial. The circuit court's re-instruction was not prejudicial. The court only repeated its earlier instruction. See State v. Fajardo, 67 Haw. 593, 601, 699 P.2d 20, 25 (1985) ("Had the trial court simply repeated an instruction given earlier to the jury on how to go about its deliberations, we feel that no prejudicial effect would have befallen Appellant.").

## IV. CONCLUSION

The September 6, 2011 Judgment of Conviction and Sentence entered in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, May 17, 2013.

On the briefs:

Stephen M. Shaw
for Defendant-Appellant.

Stephen K. Tsushima
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

10